IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TRENTON SPARKS, | ) |
| | ) Case No. |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) Magistrate |
| | ) |
| The CITY OF CHICAGO Illinois, a municipal corporation, Chicago Police Officers SAUL DIAZ (#17501), ADAM GONZALEZ (#13838) BRIAN CHEN (#1886), BRIAN BERNIER (#2713), and RYAN YOUNG (#8883) | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

## PLAINTIFF TRENTON SPARKS' COMPLAINT

NOW COMES Plaintiff, TRENTON SPARKS (hereinafter referred to as "Plaintiff"), by and through his attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendant Chicago Police Officers SAUL DIAZ, ADAM GONZALEZ, BRIAN CHEN, BRIAN BERNIER, RYAN YOUNG and the CITY OF CHICAGO, Illinois, a municipal corporation, states as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

## PARTIES

4. Plaintiff, TRENTON SPARKS, is a resident of The Colony, Texas.

5. At all relevant times Defendants SAUL DIAZ, ADAM GONZALEZ, BRIAN BERNIER, BRIAN CHEN and RYAN YOUNG ("Defendant Officers") were Chicago Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident, was the employer and principal of Defendants SAUL DIAZ, ADAM GONZALEZ, BRIAN BERNIER, BRIAN CHEN, and RYAN YOUNG. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants SAUL DIAZ, ADAM GONZALEZ, BRIAN BERNIER, BRIAN CHEN, and RYAN YOUNG on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

## FACTS

7. On May 23, 2020, Plaintiff was visiting Chicago from Texas.

8. At or around 11 p.m., Plaintiff was driving his vehicle in the 2300 block of West Madison Street in Chicago.

9. Defendants DIAZ and GONZALEZ initiated a traffic stop on Plaintiff's vehicle.

10. Upon seeing police lights behind him, Plaintiff cooperated and immediately pulled his vehicle to the side of the road.

11. At the time Plaintiff was pulled over by Defendants DIAZ and GONZALEZ, it was dark outside.

12. Plaintiff's vehicle has tinted windows and the inside passenger compartment of his vehicle cannot be easily viewed from the outside.

13. Defendants DIAZ and GONZALEZ approached Plaintiff's vehicle.

14. Defendant GONZALEZ asked Plaintiff if Plaintiff had a license.

15. Plaintiff produced his license to Defendant GONZALEZ.

16. Defendant GONZALEZ asked Plaintiff if Plaintiff had any drugs or guns in the car and if Defendant GONZALEZ searched the car if he would find anything.

17. Plaintiff stated that he did not have any drugs or weapons in the car.

18. With no reasonable belief that Plaintiff was armed or dangerous or in possession of illegal narcotics, Defendant GONZALEZ ordered Plaintiff to exit his vehicle.

19. Plaintiff asked why he was being ordered out of the vehicle.

20. Defendant DIAZ told Plaintiff to step out of the car so that they could search the car and they would send him on his way.

21. Defendants BERNIER, CHEN, and YOUNG arrived at the scene of Plaintiff's traffic stop.

22. Defendant Sgt. CHEN knew that there was no reason to detain Plaintiff any further and yet Defendant Sgt. CHEN ordered Plaintiff to exit his vehicle so that the officers could search Plaintiff's vehicle.

23. With no reasonable belief that Plaintiff was armed or dangerous, Defendant CHEN forcibly grabbed Plaintiff and removed him from the vehicle, and Plaintiff was placed in handcuffs.

24. Defendants DIAZ & GONZALEZ proceeded to search Plaintiff's vehicle including by going inside the backseat-passenger compartment and looked inside bags that were zipped and through Plaintiff's clothes.

25. Defendants DIAZ and GONZALEZ never saw Plaintiff reach into any bags, into his backseat, or under any seat when they approached his vehicle.

26. Defendants YOUNG and BERNIER knew that there was no lawful reason to detain Plaintiff and yet they detained Plaintiff and stood by and did nothing as Plaintiff's constitutional rights were violated.

27. Plaintiff asked why he was being treated this way by the Defendant officers and Defendant CHEN told Plaintiff it was because Plaintiff was in a "hotspot" area.

28. After failing to find anything incriminating, the Defendant officers let Plaintiff go and did not issue Plaintiff any citations.

## COUNT I
### (42 U.S.C. § 1983 – Unlawful Seizure)
### Against Defendants Diaz, Gonzalez, Young, Chen, and Bernier

29. Each of the foregoing paragraphs is incorporated as if fully restated herein.

30. As described in the above paragraphs, Defendants DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG unlawfully seized and detained Plaintiff after they stopped Plaintiff's vehicle, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

31. Said actions of Defendants DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG were intentional and committed with reckless disregard for Plaintiff's rights.

32. As a direct and proximate consequence of Defendants DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT II
### (42 U.S.C. § 1983 – Unlawful Search)
### Against Defendants Diaz and Gonzalez

33. Each of the foregoing paragraphs is incorporated as if fully restated herein.

34. As described in the above paragraphs, Defendants DIAZ and GONZALEZ unlawfully searched Plaintiff's vehicle, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

4

35. Said actions of Defendants GONZALEZ and DIAZ were intentional and committed with reckless disregard for Plaintiff's rights.

36. As a direct and proximate consequence of Defendants GONZALEZ and DIAZ'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT III
### (42 U.S.C. § 1983 –Supervisory Liability)
### Against Defendant Chen

37. Each of the foregoing paragraphs is incorporated as if fully restated herein.

38. Defendant CHEN was the direct and immediate supervisor of Defendant Officers DIAZ, GONZALEZ, YOUNG, and BERNIER.

39. Defendant CHEN knew about the unlawful conduct stated throughout this complaint committed by Defendant Officers DIAZ, GONZALEZ, YOUNG, and BERNIER.

40. Defendant CHEN facilitated, approved, and condoned the unlawful conduct committed by Defendant Officers DIAZ, GONZALEZ, YOUNG, and BERNIER.

41. Defendant CHEN did nothing to stop the unlawful conduct committed by Defendant Officers DIAZ, GONZALEZ, YOUNG, and BERNIER.

42. As a direct and proximate consequence of Defendant CHEN's conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this court deems equitable and just.

## COUNT IV
### (42 U.S.C. § 1983 – Conspiracy)
### Against Defendants Diaz, Gonzalez, Young, Chen, and Bernier

43. Each of the foregoing paragraphs is incorporated as if fully restated herein.

44. As described more fully above, Defendants DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG reached an express or implied agreement to violate Plaintiff's constitutional rights as described in the preceding paragraphs.

45. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

46. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiff.

47. As a direct and proximate consequence of Defendants DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG'S conduct, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT V
### (Illinois State Law – Intentional Infliction of Emotional Distress)
### Against Defendants Diaz, Gonzalez, Bernier, Chen, Young, and the City of Chicago

48. Each of the foregoing paragraphs is incorporated as if fully restated herein.

49. As described more fully above, the conduct of Defendants DIAZ, GONZALEZ, BERNIER, CHEN, YOUNG, and the CITY OF CHICAGO, through its agents and employees, was extreme and outrageous in numerous ways, as stated more fully in and throughout this Complaint.

50. Defendants DIAZ, GONZALEZ, BERNIER, CHEN, YOUNG, and the CITY OF CHICAGO, through its employees and agents, intended to inflict severe emotional distress on Plaintiff.

51. Defendants DIAZ, GONZALEZ, BERNIER, CHEN, YOUNG, and the CITY OF CHICAGO, through its employees and agents, knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiff.

52. Defendants DIAZ, GONZALEZ, BERNIER, CHEN, YOUNG, and the CITY OF CHICAGO, through its employees and agents, misconduct caused Plaintiff to experience severe emotional distress.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT VI
### (Indemnification)
### Against the City of Chicago

53. Each of the foregoing paragraphs is incorporated as if fully restated herein.

54. At all relevant times, Defendant CITY OF CHICAGO was the employer of Defendants DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG.

55. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

56. Defendants DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

57. As a proximate cause of Defendant DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered damages.

**WHEREFORE,** should Defendants DIAZ, GONZALEZ, BERNIER, CHEN, and YOUNG be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**DATED**: October 22, 2020

Respectfully Submitted,

Trenton Sparks, Plaintiff

By: /s/ Julian Johnson
Julian Johnson
Attorney for Plaintiff

Attorney No: 6306259
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
Fax: 312-300-4029
julian@julianjohnsonlaw.com